Daniel, Judge,
 

 after stating the case, proceeded as follows. — The land mentioned in the recited clause of the will, we think, is clearly and absolutely given in fee to Mrs. Ham. And if the subsequent words in the clause which relate to the slaves, had related to the land, then there would be no doubt but Mrs. Ham would be entitled to the whole fee, by force of the rule in
 
 Shelley's Case,
 
 1 Coke Rep. 92. That rule is, that when in any instrument an estate of freehold is given to the ancestor, and afterwards by the same instrument the inheritance is limited either mediately or immediately to his
 
 heirs
 
 or
 
 heirs of his body,
 
 as a class to take in succession as heirs to him, the word “
 
 heirs”
 
 is a word of limitation, and not of purchase, and the ancestor takes the whole estate. The possibility, that the estate of freehold may determine in the lifetime of the ancestor, does not prevent the subsequent limitation to his “
 
 heirs”
 
 from attaching in himself as a vested interest. Fearn Cont. Rem. 33-37.
 
 Merrel
 
 v.
 
 Ramsey,
 
 T. Raym. 126.
 
 Curtis
 
 v.
 
 Price,
 
 12 Ves. Jun. Rep. 89. When to the word “
 
 heirs,”
 
 are superadded the words of limitation
 
 “for them and their heirs,”
 
 the limitation will still be construed within the rule in
 
 Shelley’s Case. Goodright
 
 v.
 
 Pullyn,
 
 2 Lord Ray. 14-37. 2 Strange, 729.
 
 Legate
 
 v.
 
 Sewell,
 
 1 Peere Wms. 87.
 
 Morris
 
 v.
 
 Ward,
 
 cited in 8 Term Rep. 518, 2 Bur. Rep. 1102.
 
 Webb
 
 v.
 
 Puckey, 5
 
 Term Rep. 299.
 
 Pormerly,
 
 the rule was not applied in cases of assignments of terms for years. Fearn on Dev. 6 ed. 490;
 
 Peacock
 
 v.
 
 Spooner,
 
 2 Vern. Rep. 43. 195; 2 Freeman, Rep. 114; 1 Peere Wms. 133; 2 Atk. Rep. 73.
 
 Dafforn
 
 v.
 
 Goodman,
 
 2 Vern. Rep. 362;
 
 Ward
 
 v.
 
 Bradley,
 
 2 Vern. 23. But it is
 
 now
 
 adopted as to terms for years,
 
 *600
 
 and the words “ heirs of the body,” are held to be words of limitation.
 
 Webb
 
 v.
 
 Webb,
 
 1 Peere Wms. 132;
 
 Thulbridge v
 
 .
 
 Kilburn, 2
 
 Ves. Rep. 233; 4 Cruise Dig. 2 ed. 400;
 
 Horn
 
 v.
 
 Lyeth,
 
 4 Har. & John. Rep. 431; 4 Kent’s Com. 222; unless there be some clause or restriction added, whereby it plainly appears that the words “ heirs of the body,” are intended as words of purchase. See
 
 Hodgeson
 
 v.
 
 Bussey, 2
 
 Atk. Rep. 89;
 
 Withers
 
 v.
 
 Algood,
 
 1 Ves. 150;
 
 Price
 
 v.
 
 Price, 2
 
 Ves. 234, 652;
 
 Doe
 
 v.
 
 Lyde,
 
 1 Term Rep. 593, 596;
 
 Knight
 
 v.
 
 Ellis, 2
 
 Bro. Ch. Cas. 570. Does the rule in
 
 Shelley’s Case
 
 extend to chattels personal ? On this point, authorities are not so plenty as they are in the case of terms for years, yet we think, they are not wanting. As it is well established, that the rule extends to terms for years, which, on the death of the termor, go to the executor, and not to the heir; we cannot see, why the rule should not extend to chattels personal, when there is nothing in the will which shows that the testator meant by the word “ heirs,” children next of kin, or any other class of persons. Chancellor Kent, it would seem, is of the opinion, that the rule does extend to chattels generally. He says, that in the bequest of chattels, a gift to A. for life with remainder to his “ heirs,” or to the “ heirs of his body,” would carry the entire interest. 4 Kent’s Com. 223.
 
 Gettings
 
 v.
 
 M‘Dermott,
 
 7 Cond. Eng. Ch. Rep. 268, was the case of a bequest of stocks in the funds, and money. Chancellor Brougham said, “ if it be to the legatees for life, and after their decease to their heirs, it carries the whole interest to the legatees, and makes a lapse on their predecease.” He said that such would be the construction, he could have but little doubt, though he was not aware of any decision exactly in point. In
 
 Britton
 
 v.
 
 Twinning,
 
 3 Mer. Rep. 176, Sir William Grant held, that when there was nothing to qualify the words “ heirs of the body,” those words must be taken to have been used in their strict technical sense; and when words were so used as to give an estate tail in land, they would pass an absolute interest in personal estate. The plaintiff’s counsel, has contended, that as the testator has devised and bequeathed in his will, to several of his
 
 *601
 
 children, lands and slaves in the same manner as the bequest to Mrs. Ham, viz. to them for life, or to them for life or widowhood, and then to their “
 
 heirs,”
 
 the Court ought, from the so writing of these many clauses in the same way, to understand that the testator intended the “
 
 next of kin,”
 
 by the use which he has made of the word “
 
 heirs”
 
 in the will; and that the
 
 next of kin
 
 should take as purchasers. We have looked through the whole will, and are unable to find any word or clause or restriction added, whereby it appeared, that the word “
 
 heirs”
 
 was intended or understood by the testator to mean “
 
 next of kin.”
 
 The repetition of similar clauses is not sufficient of itself, to make the change of construction. We are of the opinion, that the law gave the absolute interest in the slaves to Mrs. Ham, and that the bill must be dismissed,
 

 The repe-similar* in not vary
 
 t]f
 
 c°.n" which one would receive’
 

 Per Curiam. Bill dismissed.